## OHIO COURT OF APPEALS CASES—Continued

### No. 75
### JOSEPH WHITE v. NANCY WHITE

Montgomery County Court of Appeals
(No. 465, decided Nov. 27, 1922)

**EVIDENCE—Last deposition—Court may admit secondary evidence of contents.**

**PER CURIAM:**

A deposition, after it had become a part of the files of the court, had been lost or mislaid, the Court of Appeals held, that it was within the discretion of the court to admit secondary evidence of the contents of the deposition.

This court, considering all the evidence, held that the judgment of the court below was not contrary to the evidence, and affirmed the judgment.

Attorneys—Egan & Delscamp, for plaintiff in error; Charles R. Doll, for defendants in error.

### No. 76
### JAMES C. DAVIS, Agent v. HENRY DIEDRICH

Cuyahoga Court of Appeals, No. 4054
Decided December 18, 1922

**VERDICT EXCESSIVE—Induced by passion or prejudice—(2) Misconduct of Attorneys to induce—(3) New trial the proper remedy.**

**VICKERY, J.:**

Epitomized Opinion

The plaintiff was designated as agent, under the provisions of the Federal Control Act, and suit was brought in this county, although the plaintiff and his witnesses lived in Garrett, Ind.

Several acts of negligence were averred, but they were all eliminated but one, failure to give notice of the backing of the engine in control of the hostler. On this averment and as to the extent of the injury, the evidence was conflicting and extensive, but the jury returned a verdict of $65,000. The judge, of his own motion, cut the verdict into half, overruled a motion for a new trial and entered judgment for $32,500. The court also found, at the same time that the verdict was not influenced by passion or prejudice. The Court of Appeals considered:

1. That the size of the verdict and the action of the lower court in reducing its magnitude make it appear that the verdict was induced by passion or prejudice.

2. That the conduct of the lawyers for Diedrich, while not such as to warrant the court in interferring, was such as to be insinuating and very detrimental to the defendant below, might have been productive of passion and prejudice manifest by the resultant verdict for $65,000.

3. This court held, that as a remitittur cannot be granted to cure passion and prejudice, the proper remedy was a new trial, as the Deidrich did not consent to a reduction, and the court had no power to make it. The case was reserved and remanded to trial court.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Davis; Payer, Winch, Marshall & Karch, for Diedrich.

### No. 77
### J. STEWART WHITE v. RAY S. SNODGRASS

Summit County Court of Appeals, No. 569,
June 30, 1922

For Full Opinion, see Akron Daily Legal News

**CONTRACT—(1) Decision—(2) Contsideration for cancelaltion—(3) Liquidated damages.**

**PER CURIAM:**

Epitomized Opinion

Error to Summit Common Pleas

1. White contracted for certain real estate upon which was a house, owned by Snodgrass. White desired changes made in the house. White paid Snodgrass $2500, and Snodgrass made expensive changes in the house; While failed to pay the remainder; later they agreed to rescine the original contract; Snodgrass executed an escrow agreement to place a deed in a bank, which was to be delivered to White upon payment of the price to the bank before the date fixed.

White signed a paper consenting to the cancellation of the original contract, and agreeing that if he did not deposit the money for the property, according to the escrow agreement, he would make no claim for any part of the $2,500.

(2) White failed to deposit the money within the terms of the escrow agreement and brought a common pleas suit to recover the $2,500, contending that Snodgrass was holding same as a penalty, and for that reason it was void and there was no consideration. The appellate court held:

(1) The releasing of White from the remainder of the purchase price was sufficient consideration.

(2) The giving to White the opportunity to comply with the escrow; White's release of and claim to the $2,500 to Snodgrass and the damages sustained by Snodgrass in alternation of house, made it clear that Snodgrass should retain the sum as liquidated damages. Under Authority 79 O. S. 373.

Attorneys—Sheck Lahrmer, Stevens & Hadley, for White; Grant & Thomas, for Snodgrass.

### No. 78
### JOHN A. ALLISON v. CHARLES R. CORNELL

Franklin County Court of Appeals, No. 854
Jan. 12, 1922

For Full Opinion, see Columbus Daily Law Reporter

**REAL ESTATE BROKER'S COMMISSION—(1) Directed verdict—(2) Evidence of Dismissal of broker by purchaser, rebuttal necessary.**

**KUNKLE, J.:**

Epitomized Opinion

Error to Franklin County Common Pleas

1. Allison, a real estate agent, had attempted to sell a property for Cornell, and had showed the property to two prospective purchasers, but for some time had done nothing further. Some time later another real esatte agent induced the same parties, to whom Allison had shown the property, to purchase the same. Allison sued Cornell, the owner, for $261, commission. On the trial the purchasers testified that they had dismissed Allison, and were in consultation with another real estate agent, and he induced them to buy instead of renting. At the close of testimony, the court directed a verdict for Cornell. The court held:

2. That where purchasers testify that they had dismissed the plaintiff, and were in consultation with another agent, the plaintiff must rebut this before his case can go to jury.

Attorneys—E. D. Howard, for Plaintiff; Barton Friffeth, for Defendant.